

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2007

# Coleman v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3888

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Coleman v. Samuels" (2007). *2007 Decisions*. Paper 1587.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1587

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-119                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3888
_____

WILLIAM HENRY COLEMAN,

Appellant

v.

CHARLES E. SAMUELS,
WARDEN, FEDERAL CORRECTIONAL INSTITUTIONAL
_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 06-cv-02913)
District Judge:  Honorable Noel L. Hillman
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 8, 2007

Before: SLOVITER, CHAGARES AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: February 20, 2007)

_____

OPINION
_____

PER CURIAM

    William Henry Coleman, a federal inmate incarcerated at FCI Fort Dix in New

Jersey, appeals <u>pro se</u> from an order of the United States District Court for the District of

New Jersey dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. We will affirm.

In March 1996, Coleman was sentenced to 210 months imprisonment as an armed career criminal after a jury sitting in the United States District Court for the Western District of North Carolina found him guilty of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). The Fourth Circuit Court of Appeals affirmed Coleman's judgment of conviction and sentence, and the Supreme Court denied certiorari. See United States v. Coleman, 175 F.3d 101 (4th Cir.)(table), cert. denied 528 U.S. 958 (1999). Coleman thereafter filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied by the District Court for the Western District of North Carolina on July 9, 2001. Coleman continued his quest for relief in the Fourth Circuit by filing two petitions pursuant to 28 U.S.C. § 2241. These petitions were dismissed without prejudice by the District Court, the first on May 22, 2002 and the second on May 11, 2004. Coleman apparently appealed the latter decision and the Fourth Circuit Court of Appeals affirmed the District Court's order of dismissal on November 24, 2004. Undeterred, Coleman sought authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion, but that request was denied on March 15, 2005. Finally, on January 20, 2006, the District Court for the Western District of North Carolina dismissed a motion that Coleman filed pursuant to Fed. R. Civ. P. 60(b) for lack of jurisdiction.

2

Six months later, Coleman filed the underlying § 2241 petition in the United States District Court for the District of New Jersey, asserting that the trial court improperly amended the indictment and that the original indictment failed to sufficiently state a necessary predicate offense pursuant to 18 U.S.C. § 922(g)(1). Coleman further argued that a § 2255 motion is an inadequate or ineffective means of contesting his sentence because he is actually innocent of the predicate conviction set forth in the indictment since he has never been convicted of that offense, which is a "material and essential element." See "Motion Pursuant to 28 U.S.C. § 2241" at 8.

The District Court issued a Memorandum Opinion wherein the court concluded that it lacked jurisdiction to consider the petition insofar as the challenge presented was clearly within the purview of § 2255, and Coleman failed to show how a § 2255 motion was inadequate or ineffective to test the legality of his detention. The District Court thus entered an Order dismissing the petition. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and will summarily affirm the District Court's order of dismissal. As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an

3

adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. Okereke, 307 F.3d at 120-21. See also Cradle, 290 F.3d at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Such is not the case here. As the District Court properly concluded, Coleman's allegation that he is actually innocent of the predicate conviction set forth in the original indictment is not new and, in fact, was raised and addressed by the Fourth Circuit Court of Appeals on direct appeal and presented again in the § 2255 motion he filed with the District Court for the Western District of North Carolina. Coleman himself acknowledges that the claim he presents in the underlying § 2241 petition is the same claim he has been arguing in the courts of the Fourth Circuit since 1995. See Summary Action Response at 9. The exception identified in In re Dorsainvil is, thus, simply inapplicable and Coleman may not seek relief under § 2241.

Because the § 2241 petition was properly dismissed and no substantial question is presented by this appeal, the District Court's order of dismissal entered on August 15, 2006 will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.

4